·J. J. BICK, Appellant, v. F. M. STALKER et al.,
Respondents.

**St. Louis Court of Appeals, June 28, 1910.**

1. .**APPELLATE PRACTICE: Dismissal of Cause in Court Below:
No Bill of Exceptions.** The dismissal of a cause for want of pros·
ecution cannot be reviewed on appeal, when no bill of exceptions
was filed and no exceptions appear to have been preserved
other than as recited in the judgment, on the record proper,
which is no place to preserve exceptions.

2. **PROCESS: Service on Non-Resident: Necessity of Affidavit.**
An attempted service of a summons on defendants as non-res-
idents is erroneous in the absence of an affidavit of non-resi-
dence, pursuant to sections 575 and 582, Revised Statutes 1899.

Appeal from Monroe Circuit Court.—*Hon. David H.
Eby,* Judge.

AFFIRMED.

*J. J. Bick pro se.*

The summonses were properly sent and properly
served and the returns of the sheriffs of Coles county,
Illinois, and Van Buren county, Iowa, are in all re-
spects in conformity with the law and are sufficient.
R. S. 1899, secs. 577; 582.

REYNOLDS, P. J.--It appears by the abstract
of appellant, that appellant, as plaintiff, commenced
a suit against one T. J. Buerk, Charles T. and F. M.
Stalker, by the petition, in which it is alleged that the
plaintiff had recovered judgment against defendant F.
M. Stalker; that afterwards he sued out an execution
against him under which the sheriff of Monroe county
levied upon and seized, among other property, certain
personal property as of the property of the defendant

in that execution; that afterwards the defendant Buerk filed with the sheriff a, claim for the property, claiming it under and by virtue of a certain chattel mortgage, whereupon the sheriff released the property to Buerk. Plaintiff avers that the property was not of the property of Stalker but that the mortgage was false and fraudulent and that the defendant F. M. Stalker was the true and lawful owner of the property and had fraudulently pretended to assign it to the defendant Charles T. Stalker for the purpose of hindering, defrauding and delaying his creditors, and that F. M. Stalker is the true and lawful owner of the property and the pretended claims of Buerk and of Charles T. Stalker therein and thereto are false and fraudulent; that the debt of the defendant Buerk, if any, is due and matured and .that he has sold or permitted to be sold divers articles of personal property described in the mortgage and received the proceeds of the sale and has been paid divers sums of money upon the claim held by him against Charles T. Stalker and that there is payable a balance due to .Buerk, the amount unknown to plaintiff, on the pretended mortgage; that the plaintiff is entitled, by virtue of his judgment and execution, to any surplus that may be realized from any sale of the personal property after the payment of the amount actually due on the mortgage; wherefore plaintiff prays that the chattel mortgage be set aside and held for naught and that Buerk may be compelled under the order of the court to foreclose his mortgage and sell the property by virtue of it and be compelled to account for all money received by him on account of the mortgage, and that any surplus of personal property so set out in the claim and claimed to be embraced in the mortgage, be paid over to plaintiff and applied to the satisfaction of his judgment and execution as hereinbefore set out and that he may have further and general relief. Summons was issued in this case, returned personally served as to Buerk, and as to the Stalkers, that

they were not found in the county, whereupon summons issued to the sheriff of Coles county, Illinois, against the defendant F. M. Stalker, and against the defendant Charles T. Stalker, to the sheriff of Van Buren county, Iowa, both of which officers made return. When the cause was called for trial at the return term neither Charles T. nor F. M. Stalker appeared and, as set out in the judgment, on being called "they came not nor have they filed answer to the petition," whereupon, the entry recites that plaintiff prays the court that default be entered against them, and the court having considered the motion and prayer of plaintiff, found that the summons had not been duly and legally served upon the defendants Chas. T. and F. M. Stalker, as appears by the return of the sheriff, and overruled the motion for judgment by default against these defendants; that plaintiff excepted to the ruling and stands upon the service of the summons and declines to sue out other and further process against the defendants or either of them and declines by reason of the refusal of the court to enter the default to proceed against the defendant Buerk alone, whereupon, still following the entry, it is recited that on motion of Buerk, the cause is dismissed for want of prosecution, judgment for costs being awarded in favor of Buerk. These matters all appear in one entry of what is called the judgment. It is then recited in the abstract that plaintiff filed his motion for new trial, which was overruled by the court, and filed his affidavit and application for an appeal, which was allowed by the court. Excepting the recital of the overruling of the motion for new trial and the fact of the filing of the application and affidavit for an appeal and the allowance of the appeal and fixing the bond therefor, nothing else appears in this abstract. Along with this abstract there is filed what purports to be the full transcript of the record. In neither this transcript nor in the abstract are the motions referred to set out; no exceptions appear to have been preserved,

other than as recited in the judgment, on the record proper, and that is no place to preserve exceptions. No bill of exceptions has been filed. The motion for a new trial is not set out, nor does it appear when it was filed; no exception to its overruling appears. On this state of the record, we cannot review the action of the circuit court. Looking at what may be called the record proper, we see no error. The Stalkers were not in court by any legal process. It does not appear that an affidavit of non-residence of these defendants was made as required by sections 575 and 582, Revised Statutes 1899; without that the service attempted was a nullity. Plaintiff saw fit to stand on that service and to let judgment of dismissal go. That judgment is affirmed. All concur.